E. P. Evans, J.
On the 28th day of November, 1900, the plaintiff in error, Volk, was found guilty in the mayor’s court of Westerville of *242 unlawfully keeping -a place where- intoxicating liquors were unlawfully sold at retail, as charged in the first, second- and third counts of the affidavit filed in said mayor’s court; and on the 6th day of December, 1900, said mayor’s court by reason of said convictions, for each of s'aid three separate- and distinct offenses sentenced said Yolk to pay a fine of $150 and costs of prosecution, making in all $450 and costs.
The case is here on error and this court is asked to reverse the said judgment and sentence for various reasons' assigned in the petition in error. Such of these alleged errors as appear to be relied upon chiefly will be briefly alluded to in this opinion.
November 23, 1900, Yolk filed a motion for a change of the place of trial of the ease for the reason that the mayor was a material witness for him and that without his testimony he could not safely go to trial. This motion the mayor overruled, and Yolk excepted. It is- now insisted that in such ruling the mayor erred. Yolk’s counsel relied on Revised Statutes, Section 6529, as authority for making such motion, but that section, I think, is not applicable, and if it is not applicable to a prosecution before the mayor for a violation of a village ordinance, it seems that there is no legislation authorizing the mayor to entertain such motion.
Revised Statutes, Section 1744, -provides that the mayor, within the corporate limits, “shall h-ave all the jurisdiction and powers of a justice of the peace in -all civil cases.” “He shall have jurisdiction in criminal cases as hereinafter provided.” My attention has not been called -by the- learned and diligent counsel .in this case to any legislation, nor have I found any in the Municipal Code, or elsewhere in the statutes of Ohio, whereby said Section 6529 is made' applicable to prosecution before mayors for the violation of ordinances. My attention is called to the latter part of Section 1837, which provides that:
“In cities having no police judge, in the absence or during the disability of the mayor, he may designate a justice of the peace to perform his duties in criminal -matters, which justice shall, during the time, have the same power and authority as the mayor.”
*243 But this provision is by its terms restricted to cities having no police judge. It is probable that this provision ivas not extended to villages because of the provisions in Section 1831. This section authorizes the council in villages, upon the mayor’s recommendation, to appoint a police justice who shall have “concurrent jurisdiction of all prosecutions for violations of ordinances of the corporation, with full power to hear and determine the same. ’ ’
The record is silent as to whether there is any such officer as “police justice” in the village of Westerville, and hence I must consider the case as if there were none. As it does not affirmatively appear • from the record that there was any authorized officer or person to whom said cause could have been legally sent for trial by said mayor, this court can not conclude that he erred in overruling said motion.
2. The defendant filed a motion to quash the affidavit filed before said mayor, November 12, 1900, for the reason that the affidavit is bad for duplicity, and upon its face charges three separate and distinct, independent and disconnected offenses against the ordinance referred to in said affidavit. This motion was argued, submitted and overruled, and Volk excepted. Volk also filed a motion to require the village to elect upon which of said charges it would proceed to trial; the mayor overruled said motion, and Volk excepted.
In prosecutions for misdemeanors several distinct offenses of the same kind, requiring punishments of like nature, may be joined in separate counts of the same pleading (10 Ency. PI. and Pr., 549). The trial court may in its discretion sustain a motion to require the prosecution to elect upon which count it will proceed, or the court may overrule such motion, in the exercise of its discretion, and its action thereon, as a general rule, will not be interfered with, unless the discretion has been to the manifest injury of the defendant (10 Ency. Pl. and Pr., 551; State v. Bailey, 50 O. S., 636; 640).
In Bailey v. State, 4 O. S., 440, it is held, “where an indictment charges two or more offenses arising out of distinct and different transactions, the court trying the cause may require the prosecutor to elect upon which charge he will proceed; but *244 the action of the court in this respect, being a matter of discretion, can furnish no ground for a writ of error, unless there be an abuse of discretion” (State v. Bailey, supra; see Eldridge v. The State, 37 O. S., 191).
It is not manifest from the record that in the overruling of said motion Yolk was embarrassed or injured in making his defense.
3. It isi also insisted that evidence did not show that the said Yolk did unlawfully keep a place where intoxicating liquors were sold at retail, and also, that if the evidence did not show that he did, that he could not, under the charges in the affidavit, be found guilty of more than a single offense.
Volk v. The Village of Westerville, an unreported case decided by the circuit court of this county about a year ago, is an authoritative decision which this court should follow. In that case it appears from the written opinion of the court delivered by Sullivan, J., that the court held that proof of a single sale was sufficient without proving a series of sales, to constitute the offense charged that the defendant did unlawfully keep a place where intoxicating liquors were sold at retail ; that the case of Miller et al v. The State, 3 O. S., 477, has no application as an authority to the case at bar. With this decision to guide me, I can not say that the record before me shows that the finding and judgment of the mayor’s court is contrary to the law or the evidence.
4. Nor can this court say in the light of Alliance v. Joyce, 49 O. S., 7, that the ordinance under which the prosecution was had is void because providing for an excessive fine.
5. The remaining question to be mentioned in this opinion relates to the rulings of the mayor as to the admission and rejection of testimony. The question here is whether such rulings of the mayor are erroneous to such an extent as that his judgment should be reversed. This question, as I understand it, is the most serious question appearing upon the record. Some of the questions put to the witnesses for the prosecution on cross-examination as to how much money they had received, or were to receive for their services and testimony in the case, were objected to by counsel for the prosecution and the objections. *245 were sustained by the mayor. Such questions, or at least, some of them, the mayor should have required the witnesses to answer. Thus, for example, at page 72 of the bill of exceptions, these quesions were put by defendant’s (Yolk) counsel on erossiexamination of W. A. Allaman:
“Q. Do you draw your pay from this League for coming here to-day?
“A. Yes, sir.
“Q. Regular per diem?
“A. Yes, sir.
‘ ‘ Q. How much ?
“(Question objected to by plaintiff as immaterial; objection sustained; exception by defendant).”
The credibility of a material witness is always.in issue and his interest, if any, in the result of the case or in the prosecution may be shown by cross-examination. Hence, it seems, some of the witnesses like Mr. Allaman were to be paid a per diem for -attending the trial in addition to the fees allowed them by the- statutes as witnesses. The amount of such per diem. was a proper subject of cross-examination, and should, when proved, be considered by the trial court as a proper cirsumstanee touching the witnesses’ credibility. Such a circumstance might be entitled to but little, if any weight, or it might seriously affect the witnesses’ credibility. The question here is not as to what weight the circumstances,' if proven, would have had, but the question goes to the right of the defendant to investigate and show to the court, if he could, that the witnesses were not credible but were influenced by some undue or improper motive or consideration. Proof, however, of what per diem, or pay, the several witnesses were to have, appears from the testimony of other witnesses in the case, and for this reason it is probable that no injustice- was done. Rev. L. F. Johns testified that Mr. Allaman by agreement was to be paid a per diem and his expenses; that he was to have- three dollars a day; that he had been paid in all about thirty-five dollars; that Allaman could employ other persons (bill of exceptions, pages, 90, 91); the others, it appears from the testimony of other witnesses, received the same- per diem and expenses as Allaman.
G. H. Slewwi, for plaintiff in error.
G. L. Sbongton, for defendant in error.
The conclusion reached is that the petition in error should be and is dismissed at the costs of the plaintiff in error.